UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

**VINTAGE FOOD SERVICES, INC.,**   Case No. 22-48073-tjt
                                    Chapter 11
                                    Judge Thomas J. Tucker

    **Debtor.**

___

**ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION UNDER 11 U.S.C. § 1191(b)**

Vintage Food Services, Inc. ("Vintage" or the "Debtor"), as Debtor and Debtor in Possession, having filed its Second Amended Plan of Reorganization (the "Plan") [Docket # 141]; proper notice of the Plan having been served and the Court having held a hearing on confirmation of the Plan on November 29, 2023; based on the Plan as modified herein, the statements made on record, other pertinent pleadings, the stipulation of the Parties, and the Court being otherwise fully and duly advised in the premises, the Court enters this Order.

**NOW, THEREFORE**, the Court hereby makes the following Findings of Fact and Orders as follows:

## FINDINGS OF FACT

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other

various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

2. Venue is proper before this Court under U.S.C. §§ 1408 and 1409.

3. Adequate and sufficient notice of the Plan and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of claims and interests under the Order Deeming The Debtor's Proposed Plan to be Withdrawn, Granting Leave for the Debtor to File Another Amended Plan, Setting Certain New Deadlines, and Scheduling a New Confirmation Hearing (the "Order Setting New Deadlines") [Docket # 133]. The Plan was properly served and a certificate of service filed (Docket # 143).

4. The Verified Ballot Report regarding voting on the Plan was timely filed with the Court on October 2, 2023 [Docket # 149].

5. The Plan was transmitted and served in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Order Setting New Deadlines and such transmittals and service were adequate and sufficient. Notice of the Confirmation Hearing, the opportunity for any party in interest to object to confirmation and all dates were adequate and appropriate and in accordance with

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

Bankruptcy Rule 2002(b) as to all parties to be affected by the Plan and the transactions contemplated thereby. No other or further notice is required.

6. Group I consists of the administrative claims against the Debtor, including the allowed professional fees. Group I is not impaired.

7. Group II consists of the Small Business Association ("SBA") in connection with Debtor's Economic Injury Disaster Loan ("EIDL") which is to be paid in full under the terms of the EIDL Loan documents.

8. Group III consists of the priority unsecured claims of the State of Michigan Department of Treasury for unpaid prepetition sales tax to be paid in full with interest.

9. Class I consists of the arrearage claims of the executory contract holders of the Debtor, to extent such exist at time of Confirmation. No Class I creditors have been identified by the Debtor.

10. Class II consists of secured creditor The Huntington National Bank ("Huntington") with claims totaling $3,624,895.23. Huntington, which voted to reject the Plan, has changed its vote to accept the Plan. The Huntington claim is fully secured.

11. Class III consists of secured creditor Financial Pacific Leasing, Inc. ("Financial Pacific"), which did not submit a ballot in connection with its claim. Financial Pacific's claim is fully secured.

12. Class IV consists of secured creditor City of Fraser for unpaid prepetition water and sewer services in the approximate amount of $7,210.02, which will be paid in full. The City of Fraser did not submit a ballot in connection with its claim.

13. Class V consists of the secured claim of Can Capital, Inc. ("Can Capital"), with claims in the amount of $98,916.78. Can Capital's claim is fully secured. Can Capital voted to accept the Plan.

14. Class VI consists of Debtor's general unsecured creditors. One unsecured creditor, Outfront Media, LLC, with a general unsecured claim in the amount of $600.00, voted to accept the Plan.

15. Class VII consists of Debtor's sole shareholder Anthony Jekielek's ("Jekielek") equity interests. Jekielek voted to accept the Plan.

16. Huntington filed an objection to confirmation which has been withdrawn.

17. The Internal Revenue Service ("IRS") filed an objection to confirmation which has been resolved by this Order.

18. The Plan adequately and properly identifies and classifies all claims. Under 11 U.S.C § 1122(a), the claims placed in each class are substantially similar to the other claims in each such class. Under 11 U.S.C § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan

and such classifications do not unfairly discriminate among the holders of claims. The classification of claims in the Plan is reasonable.

19. Under 11 U.S.C § 1123(a)(2), the Plan properly specifies all classes of claims or interests that are not impaired under the Plan. Under 11 U.S.C § 1123(a)(3), the Plan properly specifies all classes of claims or interests that are impaired under the Plan.

20. Under 11 U.S.C § 1123(a)(3), the Plan properly specifies all classes of claims or interests that are not impaired under the Plan.

21. Under 11 U.S.C § 1123(a)(4), the Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

22. The Plan complies with all applicable provisions of Chapter 11 of the United States Bankruptcy Code.

23. The Plan has been proposed in good faith and neither the Plan, nor the means by which it was proposed, are forbidden by any law.

24. All payments to be made or promised by the Debtor have been disclosed to the Court and are reasonable.

25. The Plan does not unfairly discriminate against any class of creditors.

26. No regulatory commission has any jurisdiction over this matter.

27. Each holder of a claim or interest in each Group or Class will receive or retain under the Plan as of the Effective Date of the Plan not less than the amount the holder would receive if the Debtor had filed a liquidation under Chapter 7 of the Bankruptcy Code.

28. The Plan complies with all provisions of 11 U.S.C. § 1191(b).

29. The Plan provides that holders of priority claims will receive either cash equal to the allowed amount of such claims or deferred cash payments equal to the allowed amounts of such claims. To the extent that such claims are treated otherwise, the holders of such claims have accepted the Plan.

30. The Court finds that the Plan is fair, feasible and equitable.

31. The Plan satisfies and complies with the relevant provisions of 11 U.S.C. § 1191(b).

**NOW, THEREFORE**, upon application of the Debtor;

**IT IS ORDERED** that Debtor's Plan of Reorganization filed with the Court on August 25, 2023 [Docket # 141] and as modified herein is confirmed under 11 U.S.C. § 1191(b).

**IT IS FURTHER ORDERED** that under 11 U.S.C. § 1141(a), except as provided in 11 U.S.C. § 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, any Creditor, and Debtor's equity security holders,

whether or not the claim of such interest or creditor, is impaired under the Plan and whether such creditor or interest holder has accepted the Plan.

**IT IS FURTHER ORDERED** that the failure of this Order to reference or address all or part of any particular provision of the Plan has no effect on the validity, binding effect or enforceability of such provision and such provision has the same validity, binding effect and enforceability as every other provision in the Plan. In the event of any inconsistencies between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order will control.

**IT IS FURTHER ORDERED** that paragraph 3.2.2.1(a) is modified to state "(a) twenty-four (24) monthly payments beginning in the first full month after the Confirmation Date in the amount totaling the required payments set forth in 3.2.2.1(a)(i) and 3.2.2.1(a)(ii)."

**IT IS FURTHER ORDERED** that paragraph 3.2.2.1(a)(i) is modified to provide that the Debtor must make monthly payments to Huntington in the amount of $24,312.13 for Vintage loan number 42, ALJ loan number 34, ADJ loan number 18 plus $200.00 principal plus interest for Vintage loan number 26.

**IT IS FURTHER ORDERED** that the payments made by the Debtor to Huntington under paragraph 3.2.2.1(a)(i) must be applied as follows: (a) $200.00 principal plus interest must be applied to Vintage loan number 26; (b) $814.87 must be applied to Vintage loan number 42; (c) $9,789.01 must be applied to ADJ

7

22-48073-tjt    Doc 160    Filed 12/01/23    Entered 12/01/23 16:27:51    Page 7 of 14

Properties, LLC loan number 18 for which Vintage is a guarantor; and (d) $13,708.25 must be applied to ALJ Properties, LLC loan number 34 for which Vintage is a guarantor.

**IT IS FURTHER ORDERED** that the land contract vendee payment in the amount of $5,500 received by Huntington under paragraph 3.2.2.1(a)(ii) must be applied to ADJ Properties, LLC loan number 18.

**IT IS FURTHER ORDERED** that paragraph 3.2.2.1(a)(iii) is modified as follows: "in the event the land contract vendee has not made his monthly payment by the tenth (10th) day of the month, Huntington may provide notice to the Debtor, Debtor's counsel and Jekielek of a default on the land contract payments in which event, Debtor must make an additional $5,500.00 payment to Huntington within 15 days of notice of such default by the land contract vendee."

**IT IS FURTHER ORDERED** that paragraph 3.2.2.4 is modified to provide that not only will Huntington retain its liens in the same priority and to the same extent as such existed on the Petition Date until its Class II claim is paid in full but also to provide that, to the extent not otherwise modified herein, the terms of the mortgages, security agreements, and UCC financing statements are incorporated and will provide and evidence Debtor's post-confirmation obligations to Huntington.

**IT IS FURTHER ORDERED** that Huntington, Vintage Foods Services, Inc., ADJ Properties, LLC, ALJ Properties, LLC, and Jekielek must enter into a stipulation to dismiss, without prejudice, to dismiss the matter styled as *The Huntington National Bank v. ADJ Properties, LLC, Vintage Food Services, Inc., ALJ Properties, LLC, and Anthony A. Jekielek,* pending in the Macomb County Circuit Court (Case No. 2022-003119-CB) (the "Macomb County Litigation").

**IT IS FURTHER ORDERED** that the Debtor is authorized to enter into a consent judgment in favor of Huntington and a consent order for the appointment of a receiver (collectively, the "Consent Judgments"), to be held in escrow by Huntington pending default under the Plan, as modified by this Order (the "Consent Judgments"), copies of the Consent Judgments have been filed as exhibits in this case [Docket Nos. 156 and 157], and will be executed by Vintage Food Services, Inc., ADJ Properties, LLC, ALJ Properties, LLC and Jekielek upon entry of this Order and provided to Huntington.. The Consent Judgments will be for joint and several liability against Vintage Foods Services, Inc., ADJ Properties, LLC, ALJ Properties, LLC, and Jekielek and will be in the amount of $3,624,895.23, less any payments received by Huntington during the pendency of this Chapter 11 proceeding or under the confirmed Plan, and also for the appointment of a receiver over Vintage Foods Services, Inc.'s, ADJ Properties, LLC's, and ALJ Properties, LLC's assets. In the event Debtor fails to make the

required payments under the Plan or fails to comply with any other obligation under the Plan, Huntington may immediately record the Consent Judgments in Eastern District Federal Court in the State of Michigan, or any state and/or federal court having jurisdiction amending the case caption if need be, after providing written notice in accordance with Section 4.2 of the Plan and notwithstanding any of the assets of the Debtor re-vesting in the Debtor.

**IT IS FURTHER ORDERED** that Section 4.2 of the Plan is deleted in its entirety and replaced with the following:

> 4.2   Upon the failure of Debtor or ADJ Properties, LLC, ALJ Properties, LLC, to make any payment due under this Plan or the confirmed plan in the ADJ Properties, LLC, ALJ Properties, LLC jointly administered case (Case No. 48088) to Huntington or the failure to comply with any other obligation under the Plan, the confirmed plan in the ADJ Properties, LLC, ALJ Properties, LLC jointly administered case (Case No. 48088) and/or the Huntington Loan Documents, which is not cured within fifteen (15) days of the mailing of written notice of default to the Debtor and Debtor's counsel, Huntington may seek relief from this Court and/or proceed with its legal remedies in non-bankruptcy court, including but not limited to recording the Consent Judgments for a money judgment and appointment of receiver in any federal or state court that has jurisdiction notwithstanding any revesting of estate property in the Debtor.

**IT IS FURTHER ORDERED** that there will be no discharge entered as to the claims of Huntington until such time as the Class II claims are paid in full.

**IT IS FURTHER ORDERED** that paragraph 7.2 of the Plan is stricken from the Plan and paragraph 7.1 is modified to provide as follows: "Nothing contained in the Plan or Confirmation Order will be deemed to determine the tax

liability of any person or entity, including but not limited to the Debtors and the Reorganized Debtors, nor will the Plan or Confirmation Order be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of this Plan, nor will anything in this Plan or Confirmation Order be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided under 11 U.S.C. § 505."

**IT IS FURTHER ORDERED** that notwithstanding anything in the Plan projections to the contrary, Debtor's counsel will be paid its approved fees in this matter as follows: (i) $86,000.00 on or before the Effective Date; and (ii) $12,000 on the 15th day of the first full month after the Confirmation Date and continuing on the 15th day of each consecutive month until paid in full. Debtor's counsel's fees are subject to the approval of the Court after the filing of a fee application with appropriate service on creditors.

**IT IS FURTHER ORDERD** that notwithstanding any provision of the Plan, there will be no requirement that the IRS file any request for payment of Administrative Expenses, nor any deadline for the filing of such requests. Nor will the failure to pay such liabilities result in a discharge, injunction, exculpation, release or in any other manner defeat the United States' right or ability to collect such liability under the requirements of Title 26. Payment of any and all

administrative claims of the IRS must be on or before the Effective Date if the payment is otherwise required under non-bankruptcy law or, if the payment is not yet then required, by the date required under that same law.

**IT IS FURTHER ORDERED** that upon failure of the debtor to make any payment due on any administrative, secured, priority, or general unsecured claim of the IRS, or to file any return which comes due after the Confirmation Date, which failure is not cured within 30 days of the mailing of a written notice of default by the IRS, the IRS may exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court. In the event of conversion of this case to a Chapter 7 proceeding, all property of the debtors; debtors-in-possession; liquidating debtors, which will revest upon confirmation of the Plan and all of debtors' after acquired property will be property of the Chapter 7 Estate.

**IT IS FURTHER ORDERED** that notwithstanding anything in the Plan to the contrary, paragraphs 16.1 and 17.3 of the Plan will not apply to the United States or any of its agencies.

**IT IS FURTHER ORDERED** that the Debtor must file a report within fourteen (14) days of substantial consummation of the Plan under 11 U.S.C. § 1183(c)(2).

**IT IS FURTHER ORDERED** that the Subchapter V Trustee will be discharged upon the filing of the Debtor's report regarding substantial consummation of the Plan.

**IT IS FURTHER ORDERED** that paragraph 4.1 of the Plan is modified as follows: "Other than as set forth in paragraphs 4.2 and 4.3, upon the failure of the Debtor to make any payment due under this Plan which is not cured within fifteen (15) days of the mailing of a written notice of default to the Debtor and Debtor's counsel, such Creditor may seek appropriate relief from this Court and/or proceed with its remedies in non-bankruptcy court."

**IT IS FURTHER ORDERED** that any notice of default to be provided under paragraphs 3.2.2.1(a)(ii), 4.1 or 4.2 of the Plan must be forwarded to: (i) the Debtor or Jekielek as follows: Anthony Jekielek, Vintage Food Services, Inc., 31816 Utica Road, Fraser, Michigan 48026; and (ii) Debtor's counsel as follows: Lynn M. Brimer, Strobl PLLC, 33 Bloomfield Hills Parkway, Suite 125, Bloomfield Hills, MI 48304.

**IT IS FURTHER ORDERED** that the Debtor will file, in accordance with 11 U.S.C. §§ 1106(a)(1) and 1107 and F.R.B.P. 2015(a), post-confirmation monthly operating reports no later than twenty (20) days subsequent to the end of each month and serve copies on the United States Trustee and the Subchapter V Trustee, until the Court enters an Order closing, dismissing or converting the case.

**IT IS FURTHER ORDERED** that all professional fee applications must be filed within thirty (30) days of the Confirmation Date.

**Signed on December 1, 2023**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge